# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2013

No. 12-30717

Lyle W. Cayce
Clerk

A S J INTEREST, L.L.C.; ELEANOR SIMMONS CHILDRENS TRUST; ELEANOR SIMMONS MARITAL TRUST; MARY DANIELL LONG BRYANT; JONATHAN E. B. LONG; THOMAS W. B. LONG; NED A. STEWART, JR.; BEATRICE STEWART SPEER ESTATE; MADISON INTERESTS, L.L.C.; STEWART M. MADISON; JAMES R. MADISON; F & G INVESTMENTS, L.L.P.

Plaintiffs-Appellants,

v.

CHESAPEAKE LOUISIANA, L.P.

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:11-CV-01343

Before REAVLEY, JOLLY, and SMITH, Circuit Judges.

PER CURIAM:[*]

The judgment of the district court is affirmed for the reasons given by that court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30717

Appellants contend that the parties had a binding lease contract when the attorney for the plaintiff and the landman for Chesapeake agreed in May of 2011 that a lease of section 33 would be made on the same terms as the prior lease of section 34 between the same parties.  Clearly the agreement at that time was to make a future lease.  The written lease had to be prepared and signed, with the bonus payment made, all as before.  Appellants say the absence of an express agreement to await more made the May oral agreement enforceable.  There is no evidence of Chesapeake consenting to a final lease contract at that time, and Louisiana law provides that even an agreement *to lease* is not binding if the parties contemplate more.  See La. Civil Code articles 1947 and 2670.  The parties did contemplate more, but more failed to happen.

AFFIRMED.